**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ANITA P. GASTON,

    Plaintiff,                                    CASE NO. 2:22-cv-14115

v.

                                      **JURY TRIAL DEMANDED**

CENTURY LENDING II, INC.,

    Defendant.

_____/

## COMPLAINT

NOW comes ANITA P. GASTON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CENTURY LENDING II, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 as well as Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18, residing in Port Saint Lucie, Florida, which is located within the Southern District of Florida.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is an auto finance company whose principal office is located at 831 Cobbs Parkway N, Suite B, Marietta, Georgia. Defendant issues and services loans to consumers throughout the country, including in the State of Florida.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff financed the purchase of her personal automobile through Respondent.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Several months ago, Plaintiff began receiving call to her cellular phone, (470) XXX-7099 from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7099. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used several numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (770) 795-3200.

14. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

15. During the answered calls from Defendant, Plaintiff experienced a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. The phone calls Plaintiff was unable to answer, Defendant would leave pre-recorded voicemail messages on her cellular phone.

17. Defendant has used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

18. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

19. Defendant has also sent multiple collection text messages to Plaintiff's cellular phone via an automated system.

20. Plaintiff informed Defendant that she lacked the means to make a payment and demanded that Defendant cease contacting her.

21. Defendant willfully ignored Plaintiff's demands and continued placing phone calls, sending text messages to Plaintiff's cellular phone and leaving pre-recorded voicemail message on Plaintiff's cellular phone, thus causing Plaintiff's further emotional distress.

22. Plaintiff has received dozens of phone calls from Defendant since demanding that it stop contacting her.

23. In addition to this, Defendant has threatened to file lawsuit against Plaintiff, garnish Plaintiff's wages and send her to prison if she did not make a payment on the subject debt.

24. Furthermore, Defendant contacted several of Plaintiff's friends and family members and revealed confidential information relating to the subject debt and threated legal action against Plaintiff.

25. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

31. Defendant also used an ATDS when sending text messages to Plaintiff's cellular phone and leaving pre-recorded voicemail messages on Plaintiff's cellular phone.

32. Defendant violated the TCPA by placing dozens of phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

33. Furthermore, Defendant violated the TCPA when it sent automated text messages to Plaintiff's cellular phone without her consent.

34. Lastly, Defendant violated the TCPA when it left pre-recorded voicemail messages to Plaintiff's cellular phone without her consent.

35. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

36. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANITA P. GASTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

38. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

39. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

40. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

41. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

42. Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

    **i. Violations of FCCPA § 559.72(5)**

43. A person violates §559.72 (5) of the FCCPA when it discloses to a person, other than the debtor, information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information.

44. Defendant violated §559.72(5) of the FCCPA when it placed multiple collection calls to Plaintiff friends and family members and disclosed confidential information relating to the subject debt. The individuals Defendant contacted are not financially liable for the subject debt and Respondent called them in an effort to humiliate Claimant.

45. The disclosure of Plaintiff's information to her friends and family members serves Defendant no interest in its collection efforts and only tries to shame and demean Plaintiff into making a payment on the subject debt.

   a. **Violations of FCCPA § 559.72(7)**

46. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. Defendant violated section 559.72(7) of the FCCPA when it placed it placed calls to several of Plaintiff's friends and family members and revealed confidential information relating to the subject debt. Furthermore, Defendant also information Plaintiff's friends and family member that they intend to take legal action against Plaintiff. Defendant engaged in this conduct with the hope that Plaintiff would feel abused and harassed and would subsequently agree to make a payment to avoid being harassed by the Defendant.

48. Furthermore, Defendant violated section 559.72(7) of the FCCPA when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff dozens of times, in short succession, including multiple times in the same day, after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phones in spite of Plaintiff's

demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

WHEREFORE, Plaintiff, ANITA P. GASTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

49. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

50. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

51. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

52. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the same day was highly intrusive and invasive.

53. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

54. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

55. By continuing to call Plaintiff after she demanded such calls stop, Defendant gave Plaintiff no reasonable escape from its incessant calls.

56. As detailed above, by persistently calling Plaintiff's cellular phone after repeatedly demanding such calls cease, Defendant invaded Plaintiff' s right to privacy and caused Plaintiff to suffer concrete and particularized harm.

57. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

58. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing repeated and persistent phone calls to Plaintiff's cellular phone despite knowing the invasive and unwanted nature of such contacts.

WHEREFORE, Plaintiff, ANITA P. GASTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award  Plaintiff punitive damages;

  d. Award Plaintiff reasonable attorney's fees and costs;

  e. Enjoining Defendant from contacting Plaintiff; and

  f. Awarding any other relief as the Honorable Court deems just and appropriate.

<b><u>COUNT IV-TRESPASS TO CHATTELS</u></b>

59. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

60. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

61. Courts have applied this tort theory to unwanted telephone calls and text messages. See Czech v. Wall St. on Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial, L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

62. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

63. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

64. Defendant barraged Plaintiff with repeated and consistent phone calls after she made demands that the calls stop, including multiple phone calls on the same day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

65. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting her via phone calls.

10

66. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, and the loss of battery life.

67. Plaintiff also suffered damages in the form of stress, anxiety, and extreme emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, ANITA P. GASTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant t from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 30, 2022                                   Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com